**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ESSEX INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CASE NO. 4:14CV421** |
| | § | |
| **MICHAEL A. BRANDON, et al.** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE GRANTING**
**MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Plaintiff Essex Insurance Company's Motion for Summary Judgment (Dkt. 21).

On June 17, 2015, the Court entered an order which, in part, gave Defendants 14 days to file any response to the motion for summary judgment (*see* Dkt. 25). No response was filed. On July 8, 2015, the parties filed a Joint Stipulation stating that the parties have stipulated that there will be no opposition to the motion for summary judgment and that the granting of the motion would result in a resolution of all claims herein. Based on this stipulation and as set forth below, the Court GRANTS Plaintiff's motion.

In its motion, Plaintiff Essex Insurance Company ("Essex") moves for summary judgment on its declaratory judgment action against Defendants Michael A. Brandon and Jeanna L. Brandon. Defendants own Mike Brandon, Inc. d/b/a MJB Construction, LLC ("Mike Brandon, Inc."). Plaintiff asks the Court to declare that Essex is not required to defend or indemnify Mike Brandon, Inc. in a

1

suit pending in Ohio. Plaintiff has attached to its motion summary judgment evidence, including the insurance policies at issue.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

2

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Plaintiff Essex seeks a ruling that it has no duty to defend or indemnify the corporate entity Mike Brandon, Inc. in Case No. 2012-CV-01580; *Ohio Fresh Eggs, LLC and Ohio Investments Co., LLC v. Hershey Equipment Co., Inc.* in the Court of Common Pleas, Licking County, Ohio because that entity is not an "Insured" as defined by any insurance policy Essex issued to Defendants and because no "occurrence," as that term is defined by the four Essex insurance policies, made the basis of the Ohio lawsuit happened during any time of coverage under the insurance polices.

Plaintiff argues that all four Essex insurance policies were issued to "MJB Construction," the "Named Insured," as an "Individual" and ***not*** a joint venture, partnership, or other corporate organization. Plaintiff cites to a provision in all four policies which provides as follows:

**SECTION II – WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

    **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

*See, e.g.,* Dkt. 21-1 at 31-32.  Plaintiff argues that this designation does not include any corporation which the individuals may own or in which they may be officers or directors, including Mike Brandon, Inc.  As such, Plaintiff argues, any claims in the Ohio suit are not covered by any of the Essex policies because the Mike Brandon, Inc. corporate entity is not an "Insured" as defined by any of the Essex policies.  Plaintiff further argues that no "occurrence" as defined by any of the Essex Policies happened during the coverage periods for the policies.

The Court has reviewed the policies at issue.  There being no evidence or argument before the Court from Defendants to create a fact as to Plaintiff's arguments, the Court finds that Mike Brandon, Inc., the corporation, is a separate and legal entity distinct and apart from any of the insured individuals who may own that business entity.  The Texas corporation known as "Mike Brandon, Inc." was not an insured under any of the Essex Policies.

The Court further finds that the occurrence made issue in the Ohio suit happened "on or about March 4, 2010" which was more than three years after all of the Essex policies expired.  Accordingly, Essex is granted summary judgment on its declaration that it owes no defense and indemnification in the Ohio suit because the "occurrence" did not happen during any coverage period.   Based on the record before it, the Court finds that Essex should be granted summary judgment on its declaration that it owes no defense or indemnification in the Ohio lawsuit.

The Court assumes that by agreeing that no response in opposition would be filed to Plaintiff's motion, Defendants concede that there is no genuine issue of material fact here. The Court further notes that the non-movant's burden in summary judgment proceedings is clear, and Defendants have not offered any evidence or argument to controvert that of Plaintiff. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.

For these reasons, Plaintiff Essex Insurance Company's Motion for Summary Judgment (Dkt. 21) is GRANTED and the Court finds that Essex Insurance Company has no duty to defend or indemnify the corporate entity Mike Brandon, Inc. in Case No. 2012-CV-01580; *Ohio Fresh Eggs, LLC and Ohio Investments Co., LLC v. Hershey Equipment Co., Inc.* in the Court of Common Pleas, Licking County, Ohio.

Although Plaintiff originally requested the recovery of all costs and expenses incurred in the prosecution of this declaratory judgment action, the parties jointly stipulated that each would bear their owns costs and fees.

Final judgment will be entered accordingly.

**SO ORDERED.**

**SIGNED this 15th day of July, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE